

Jethro M. Eisenstein (JE 6848)
PROFETA & EISENSTEIN
14 Wall Street, 22nd Floor
New York, New York 10005-2101
Tel. No.: (212) 577-6500
Fax No.: (212) 577-6702

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------

MORAN TOWING AND
TRANSPORTATION LLC,

    Plaintiff,

-against-

LEE RACHAL,

    Defendant.

------------------------------

Civil Action No.

COMPLAINT



    Plaintiff, Moran Towing and Transportation, LLC ("Moran"), by its attorneys, Profeta & Eisenstein, for its Complaint against defendant, Lee Rachal, states as follows upon information and belief:

    1.    This is an action for declaratory judgment, pursuant to 28 U.S.C. §2201, for the purpose of determining a question of actual controversy between the parties, as hereinafter more fully appears.

    2.    This is a case of admiralty and maritime jurisdiction, as will more fully appear, and is an admiralty or maritime claim within the meaning of 28 U.S.C. 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

3. Plaintiff, a maritime towing company, is a Delaware Limited Liability Company and does business within the Southern District of New York.

4. Defendant Lee Rachal, who is a citizen and resident of the State of Louisiana, was employed by plaintiff on a tugboat in November, 2005. This claim arises out of defendant's employment by plaintiff.

5. Defendant claims that he injured his back and suffered other injuries on November 1, 2005, while employed on board the KIMBERLY TURECAMO, a tugboat operated by plaintiff.

6. Defendant thereafter was examined and received treatment from various physicians in Louisiana.

7. Under the General Maritime Law, a shipowner has an obligation to pay maintenance and cure to a seaman injured in the service of the vessel until the seaman reaches maximum medical cure.

8. From November 1, 2005 through February 25, 2008, plaintiff Moran has paid monies to defendant as and for maintenance and cure.

9. Defendant has now reached maximum medical cure.

10. Plaintiff Moran has satisfied its obligation, if any, to pay defendant maintenance and cure and denies that defendant is entitled to maintenance and cure for any period or treatment after having reached maximum medical cure.

WHEREFORE, the plaintiff prays:

      a.    That this Court determine and adjudicate the obligations of plaintiff to defendant with respect to maintenance and cure; and

      b.    That this Court find and declare that this plaintiff has no duty or obligation to pay defendant further monies in respect of maintenance and cure.

Dated:    New York, New York
           February 25, 2008

                    Yours etc.,

                    PROFETA & EISENSTEIN
                    Attorneys for Plaintiff

                    By: *[signature]*
                       Jethro M. Eisenstein (JE 6848)
                    A Member of the Firm
                    14 Wall Street
                    22nd Floor
                    New York, New York 10005
                    (212) 577-6500