Jethro M. Eisenstein (JE 6848)
PROFETA & EISENSTEIN
14 Wall Street, 22nd Floor
New York, New York 10005-2101
Tel. No.: (212) 577-6500
Fax No.: (212) 577-6702



Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------

| | |
|---|---|
| MORAN TOWING AND TRANSPORTATION LLC, | Civil Action No.: 08 CV 1879 |
| Plaintiff, | AMENDED COMPLAINT |
| -against- | |
| LEE RACHAL, | |
| Defendant. | |

------------------------------

Plaintiff, Moran Towing and Transportation, LLC ("Moran"), by its attorneys, Profeta & Eisenstein, for its Amended Complaint against defendant, Lee Rachal, states as follows upon information and belief:

1.  This is an action for declaratory judgment, pursuant to 28 U.S.C. §2201, for the purpose of determining a question of actual controversy between the parties, as hereinafter more fully appears.

2.  This is a case of admiralty and maritime jurisdiction, as will more fully appear, and is an admiralty or maritime claim within the meaning of 28 U.S.C. 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

3. Plaintiff, a maritime towing company, is a Delaware Limited Liability Company and does business within the Southern District of New York.

4. Defendant Lee Rachal, who is a citizen and resident of the State of Louisiana, was employed by plaintiff on a tugboat in November, 2005. This claim arises out of defendant's employment by plaintiff.

5. Defendant claims that he injured his back and suffered other injuries on November 1, 2005, while employed on board the AMY MORAN, a tugboat operated by plaintiff.

6. Defendant thereafter was examined and received treatment from various physicians in Louisiana.

7. Under the General Maritime Law, a shipowner has an obligation to pay maintenance and cure to a seaman injured in the service of the vessel until the seaman reaches maximum medical cure.

8. From November 1, 2005 through February 25, 2008, plaintiff Moran has paid monies to defendant as and for maintenance and cure.

9. Defendant has now reached maximum medical cure.

10. Plaintiff Moran has satisfied its obligation, if any, to pay defendant maintenance and cure and denies that defendant is entitled to maintenance and cure for any period or treatment after having reached maximum medical cure.

WHEREFORE, the plaintiff prays:

      a. That this Court determine and adjudicate the obligations of plaintiff to defendant with respect to maintenance and cure; and

      b. That this Court find and declare that this plaintiff has no duty or obligation to pay defendant further monies in respect of maintenance and cure.

Dated:    New York, New York
            February 28, 2008

                                    Yours etc.,

                                    PROFETA & EISENSTEIN
                                    Attorneys for Plaintiff

                                    By: _____
                                       Jethro M. Eisenstein (JE 6848)
                                    A Member of the Firm
                                    14 Wall Street
                                    22nd Floor
                                    New York, New York 10005
                                    (212) 577-6500

STATE OF NEW YORK        )
                         )  ss.:
COUNTY OF NEW YORK       )

Stacey Sekzer, being sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York. On March 6, 2008, I served a copy of the within Amended Summons and Amended Complaint upon:

| Name | Address | Party |
|---|---|---|
| LEE RACHAL | 5203 Lanny Street<br>Alexandria, LA 71303 | Defendant |

the address designated by said defendant for that purpose by depositing the same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Stacey Sekzer

Sworn to before me this
6th day of March, 2008

_____
Jethro M. Eisenstein
Notary Public, State of New York
No. 02EI1095095
Qualified in New York County
Commission Expires March 30, 2011